UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN B. CAMPBELL | ) | |
| | ) | |
|     Debtor(s) | ) | Case No. 12-35021(1)(7) |
| | ) | |
| GARNETT R. DUNN | ) | |
| THOMAS V. HAILE | ) | |
| | ) | |
|     Plaintiff(s) | ) | AP No. 13-3007 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN B. CAMPBELL | ) | |
| | ) | |
|     Defendant (s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Summary Judgment of Plaintiffs Garnett R. Dunn and Thomas V. Haile ("Dunn" and "Haile") and the Cross-Motion for Summary Judgment of Defendant/Debtor John B. Campbell ("Debtor"). The Court considered the Motion of the Plaintiffs, the Response of the Debtor, the Reply of the Plaintiffs, the Cross-Motion of the Debtor, the Response of the Plaintiffs, Debtor's Reply and the comments of counsel at the hearing held on the matter, as well as the entire record presented to the Court in this matter. For the following reasons, the Court will **GRANT** Plaintiffs' Motion for Summary Judgment and **DENY** the Debtor's Motion for Summary Judgment.

**UNDISPUTED MATERIAL FACTS**

On August 23, 2003, Dunn, purchased a 1989 Harley-Davidson show motorcycle, VIN #HD1BLL10KY015377 from Debtor for the sum of $18,000. Debtor delivered the motorcycle to Dunn, as well as a certificate of title showing that he owned the motorcycle. Dunn took possession of the motorcycle. Debtor failed to properly execute the title and the title could not be transferred to Dunn. Dunn, however, continued to retain possession of the motorcycle for approximately six years.

After several failed attempts to record the title, in June 2009 the Debtor gave Dunn a new title. The new title, however, also was not properly executed and it could not be registered in Dunn's name. Dunn remained in possession of the motorcycle until July 30, 2009.

On July 30, 2009, a friend of Debtor's inquired of Dunn about purchasing the motorcycle from him. The friend took the motorcycle from Dunn's place of business located at 9301 National Turnpike, Louisville, Kentucky under the guise of test driving the bike. The individual, however, left Dunn's premises with the motorcycle and delivered it to Debtor who was waiting nearby. Debtor then began riding the motorcycle toward his home. Dunn gave chase to Debtor and ran him off the road causing damage to the motorcycle and minor injuries to the Debtor.

On October 13, 2009, Plaintiff Haile, an attorney, filed a civil action in Jefferson Circuit Court, Division II, Case No. 09-CI-010440 on behalf of Dunn against Debtor. The state court complaint asserted a cause of action against Debtor for negligent and intentional infliction of emotional distress and sought return of the motorcycle and damages. The complaint also requested a restraining order against Debtor prohibiting him from "making any effort to sale [sic], convey,

transfer and/or in any manner change title to the motorcycle in question during the pendency of this case."

On October 14, 2009 following a hearing, the State Court entered a Restraining Order that stated

> . . . it is hereby Ordered that the Defendant, John B. Campbell shall not and is hereby restraining (sic) from selling, transferring, changing title, to the 1989 Harley-Davidson motorcycle, VIN #1HD1BLL10KY015377 during the pendency of this action. Any efforts to do so may result in the Defendant being found in contempt of court and/or subject to other appropriate sanctions of this court.

On August 22, 2011, Debtor transferred the motorcycle to another individual for $6,500, in violation of the Restraining Order.

On December 13-14, 2011, a jury trial was conducted before the Honorable James Shake in Jefferson Circuit Court, Division II. Plaintiff Dunn and Debtor testified under oath in the trial. Under Instruction No. 1, the jury determined that Debtor had a duty to effect transfer of the title of the 1989 Harley-Davidson motorcycle to Dunn and that he had failed or refused to do so. Under Instruction No. 2, the jury found in favor of Debtor for the minor injuries he had suffered and awarded him $26. Under Instruction No. 3, the jury declined to award Dunn punitive damages.

On December 21, 2011, the state court held a hearing on Plaintiff's Motion to Alter, Amend or Vacate the Judgment. Following a hearing, Judge Shake amended the Judgment on Jury Verdict because Debtor testified that despite his sworn testimony at trial to the contrary, he could not return the motorcycle to Dunn because he sold and delivered it to another individual on August 22, 2011. Therefore, the State Court entered an Amended Judgment in favor of Dunn in the amount of $42,551 representing the monetary damages testified to by Dunn at the trial. The Amended Judgment further stated,

> The Court hereby finds that the Defendant was untruthful in explaining his actions in violation of the Restraining Order issued in this case, which Order prevented him from sale or other disposition of the subject motorcycle during the pendency of this case. Judgment shall bear interest at the legal rate until paid in full.

The State Court Judge stated that the monetary judgment was the equivalent of specific performance of the jury verdict. The State Court Judge also declined to enter a finding at Plaintiffs' request at the hearing that the Debtor had acted intentionally.

Also on December 22, 2011, Judge Shake entered an Order and Judgment against Debtor and in favor of Plaintiff Haile in the sum of $1,725 in attorneys' fees as a sanction for Debtor's failure to comply with "previous Orders of Discovery." Haile's fee affidavit outlined the time spent by him on Debtor's failure to comply with discovery requests during the case and for filing and attending the post-trial hearing on the Motion to Alter, Amend or Vacate the Judgment.

On November 12, 2013, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On February 15, 2013, Plaintiff initiated this Adversary Proceeding to have the debt represented by the State Court Amended Judgment declared nondischargeable.

## **LEGAL ANALYSIS**

Plaintiffs seek to have the State Court Amended Judgment entered in their favor declared nondischargeable in Debtor's Chapter 7 bankruptcy proceeding. Plaintiffs' Complaint states causes of action pursuant to 11 U.S.C. §523(a)(2)(A) and §523(a)(6). Dunn's Motion for Summary Judgment contends that Debtor's willful violation of the Restraining Order constitutes willful and malicious injury under 11 U.S.C. §523(a)(6). Additionally, Plaintiffs contend that the undisputed facts show Debtor converted Dunn's property which also requires that the debt be declared nondischargeable under §523(a)(6). Finally, Plaintiffs' contend the award of attorneys' fees is also

-4-

nondischargeable under §523(a)(6) as constituting a sanction due to Debtor's willful violation of discovery orders during the state court litigation. Debtor contends he is entitled to summary judgment on Plaintiffs' Complaint as Plaintiffs' claims are barred by the doctrine of res judicata and collateral estoppel. Debtor contends the Plaintiffs are prohibited from bringing claims premised on fraud and that there is no evidence of willful and malicious conduct as required by 11 U.S.C. §523(a)(6).

It is well settled that exceptions to discharge are to be strictly construed against the creditor. *In re Rembert*, 141F.3d 277, 281 (6th Cir. 1998). The creditor bears the burden of proving each element of the discharge exception's application. *Meyers v. IRS*, 196 F.3d 622, 624 (6th Cir. 1999). Keeping these guiding principles in mind, the Court finds Plaintiffs met their burden of proof and are entitled to summary judgment as a matter of law. Debtor's Motion for Summary Judgment fails as a matter of law and must be denied.

The record before the Court is voluminous. The Jefferson Circuit Court conducted a two-day jury trial in which both parties testified under oath. The record contains the pertinent trial testimony of the witnesses, the jury's instructions and findings, as well as the court's initial judgment and amended judgment. An exhaustive review of these materials leads the Court to conclude there is ample basis to enter summary judgment in Plaintiffs' favor and deny Debtor's Motion.

Debtor contends that Plaintiffs are barred by the doctrine of *res judicata* and collateral estoppel from raising the claims in this adversary proceeding. The law is well settled that the doctrine of *res judicata* does not apply to bar a judgment creditor from asserting certain nondischargeability claims in a subsequent bankruptcy proceeding. *See Brown v. Felsen*, 442 U.S. 127, 138-39 (1979). Even if Plaintiffs did not plead a claim for fraud or conversion before the state

court, nothing prevents those claims from being raised in this adversary proceeding. When a debtor seeks a discharge in bankruptcy, his claim and that remedy is the claim at issue. The creditor is entitled to raise many potential defenses, such as fraud or conversion, although not raised in state court, as defenses or objections to the Debtor's request for relief in the bankruptcy. *See, e.g.*, *In re Moran*, 413 B.R. 168 (Bankr. D. Del. 2009) (wherein creditor allowed to raise claims of fraud and breach of fiduciary duty in a nondischargeable action, although state court judgment was based on breach of contract and breach of trust). *See also*, *In re Goetz*, 134 B.R. 367 (Bankr. W.D. Mo. 1991). Thus, Plaintiffs herein are not barred from claiming conversion and willful and malicious injury as the basis of their nondischargeability claims.

While *res judicata* does not apply, the parties are correct that collateral estoppel may apply in a nondischargeability action in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n.1 (1991). The bankruptcy court looks to applicable state law on applying collateral estoppel or issue preclusion as it is called. In Kentucky, issue preclusion bars the same parties from relitigating an issue actually litigated and finally decided in another prior action. The issues in both actions must be identical. Second, the issue must have been litigated. Third, the issue, even if litigated in the prior action must have been actually decided in that action. Finally, the issue must have been necessary to the court's judgment. *Yeoman v. Comm., Health Policy Bd.*, 983 S.W.2d 459 (Ky. 1998); *Miller v. Administrative Office of Courts*, 361 S.W.3d 867 (Ky. 2011).

Debtor contends that since the State Court Judge refused to make a finding that he acted intentionally the Plaintiffs' are collaterally estopped from bringing an action under 11 U.S.C. §523(a)(6). Debtor cannot use either collateral estoppel or *res judicata* to support his Motion for Summary Judgment. The undisputed facts do not establish, as a matter of law, that the Amended

State Court Judgment does not fall within 11 U.S.C. §523(a)(6). In fact, the Court finds that the record supports the Plaintiffs' use of collateral estoppel in support of their Motion for Summary Judgment.

The parties are clearly the same and the length of the trial indicates there was a full and fair opportunity to litigate the issues. It also appears that due to Debtor's behavior in violating the Restraining Order and his untruthful sworn testimony at trial as to why he violated the Restraining Order and that he could not return the motorcycle to Dunn, the State Court had to amend the Judgment. In fact, these are the very reasons the State Court amended the Judgment to direct a monetary award to Dunn. Therefore, it appears that these issues were necessary to the State Court's Amended Judgment – a final Judgment from which no appeal was taken. The Court must next examine whether the resulting Amended Judgment establishes the central components of a claim under 11 U.S.C. §523(a)(6).

Under 11 U.S.C. §523(a)(6), a debtor will not be discharged from any debt "for willful and malicious injury" by the debtor to another entity or to the property of another entity. Willful modifies "injury" and for an action to be nondischargeable under §523(a)(6) there must be a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhua v. Geiger*, 523 U.S. 57 (1998). In other words, for an injury to be willful and malicious under §523(a)(6), one must will or desire harm or believe injury is substantially certain to occur as a result of the behavior. *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999).

The Court finds the testimony of the parties at the trial, as well as the Amended Judgment support entry of summary judgment in Plaintiffs' favor on the §523(a)(6) claim. In *In re Behn*, 242 B.R. 229, 238 (Bankr. W.D. N.Y. 1999), the court stated "when a court of the United States issues

an injunction or other protective order telling a specific individual what actions will cross the line into injury to others, then damages resulting from an intentional violation of that order (as is proven either in the bankruptcy court or (so long as there was a full and fair opportunity to litigate the questions of volition and violation) in the issuing court) are *ipso facto* the result of "willful and malicious" injury." An intentional violation of the order is necessarily without just cause or excuse and cannot be viewed as "not having the intention to cause the very harm to the protected person that order was designed to prevent. <u>Id.</u> *See also*, *In re Pion*, 2007 WL 3088137 (Bankr. D. Vt. 2007) (holding that same analysis applies to State Court judgments) and *In re Musilli*, 379 Fed. Appx. 494 (6th Cir. 2010) (unreported) (upholding finding of bankruptcy court that violation of court order requiring debtor to escrow funds to cover a judgment, constituted willful and malicious injury making the debt nondischargeable under §523(a)(6)). The Court believes the language used by Judge Shake in the Amended Judgment establishes that Defendant's actions in violating the Restraining Order were willful and malicious within the meaning of §523(a)(6).

Plaintiffs also established that there is sufficient basis to find the debt nondischargeable under 11 U.S.C. §523(a)(6) due to Debtor's conversion of the motorcycle. Kentucky law defines conversion as an intentional tort for "wrongful exercise of dominion and control over property of another." *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626, 627 (Ky. App. 1990). "There is no such thing as a conversion by accident." *Ky. Ass'n. of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626 (Ky. 2005), quoting 1 Dan B. Dobbs, *The Law of Torts* § 62 at 128 (West Group 2001). In order to succeed on a claim of conversion, the Plaintiffs had to prove the following: (1) plaintiff had legal title to the converted property; (2) plaintiff had possession of the property at the time of the conversion; (3) the defendant/debtor exercised dominion or control over

the property which denied the plaintiff's right to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiff's possession or right to possess the property; (5) the plaintiff made demand for the property's return which the defendant refused; and (6) the plaintiff suffered damage by the loss of the property. *Id.* Debtor contends that the conversion claim is not established because there was a dispute at trial as to whether Dunn actually paid Debtor for the motorcycle. However, the jury determined that Debtor had a duty to effect transfer of the title to the motorcycle to Dunn. Implicit in this finding is that Dunn paid Debtor for the motorcycle. There is no basis to relitigate this finding.

The trial testimony established and the facts are undisputed that Debtor had legal title to the motorcycle when Campbell exercised dominion control over it. *See* KRS §355.2-102 and 355.2-401. Dunn possessed the motorcycle for approximately six years at the time Campbell converted it. Campbell clearly exercised dominion over the motorcycle denying Dunn his right to use and enjoyment of the motorcycle. The Court can draw no other conclusion other than the Debtor intended to interfere with Dunn's possession of the motorcycle. Dunn demanded return of the motorcycle which Campbell refused and as Judge Shake found, Dunn suffered damage by the loss of the property. Therefore, all elements of the conversion were established.

The Sixth Circuit has determined that a nonexclusive list of certain types of conduct satisfy the willful and malicious injury standard on nondischargeability under 11 U.S.C. §523(a)(6). Included in this list is conversion. *See In re Best*, 109 Fed. Appx. 1, 5 n.2 (6th Cir. 2004). The debt is therefore nondischargeable under 11 U.S.C. §523(a)(6) based on the conversion claim also.

Plaintiff Haile also seeks summary judgment on his claim that the award of attorney's fees is also nondischargeable. A debtor's liability for an award of attorney's fees, discovery sanctions, costs and interest are ancillary in nature, whose dischargeability depends upon the status of the primary debt. *In re Kennedy*, 243 B.R. 1 (Bankr. W.D. Ky. 1977). Here, the award of attorney's fees was a direct result of the Debtor's violation of the Restraining Order and other Court Orders requiring Debtor to produce the motorcycle for inspection. Accordingly, this award is also nondischargeable.

## CONCLUSION

For all of the above reasons, the Court finds the Plaintiffs' Motion for Summary Judgment supported by the record establishes that Plaintiffs are entitled to summary judgment as a matter of law. Defendant's Motion for Summary Judgment does not establish that he is entitled to summary judgment as a matter of law. Accordingly, Plaintiffs' Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 15, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN B. CAMPBELL | ) | |
| | ) | |
| Debtor(s) | ) | Case No. 12-35021(1)(7) |
| | ) | |
| GARNETT R. DUNN | ) | |
| THOMAS V. HAILE | ) | |
| | ) | |
| Plaintiff(s) | ) | AP No. 13-3007 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN B. CAMPBELL | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that the Motion for Summary Judgment of Plaintiffs be and hereby is, **GRANTED**. The State Court Amended Judgment in the amount of $42,551 in favor of Plaintiff Garnett R. Dunn against Debtor/Defendant John B. Campbell, is nondischargeable pursuant to 11 U.S.C. §523(a)(6). The award of attorney's fees in the amount of $1,725 in favor of Plaintiff Thomas Haile against Debtor/Defendant John B. Campbell, is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, the Cross-Motion for Summary Judgment of Defendant, be and hereby is, **DENIED**.

This is a final and appealable Order and there is no just reason for delay.

                                                        Joan A. Lloyd
                                                       United States Bankruptcy Judge
                                                       Dated: April 15, 2014