## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
JOHN B. CAMPBELL )
)                CASE NO.  12-35021(1)(7)
Debtor(s) )
_____ )
)
GARNETT R. DUNN )        AP No. 13-3007
THOMAS V. HAILE )
)
Plaintiff(s) )
)
v. )
)
JOHN B. CAMPBELL )
)
Defendant(s) )
_____ )

## <u>MEMORANDUM-OPINION</u>

This matter is before the Court on the Motion to Reconsider filed by Debtor/Defendant John B. Campbell ("Debtor").  The Court considered the Debtor's Motion, the Response to the Motion filed by Plaintiffs Garnett R. Dunn ("Dunn") and Thomas V. Haile ("Haile") and the Reply of the Debtor.  For the following reasons, the Court will **DENY** the Debtor's Motion to Reconsider.

## <u>LEGAL ANALYSIS</u>

On April 15, 2014, this Court entered a Memorandum-Opinion and Order granting Plaintiffs' Motion for Summary Judgment finding the debt owed to the Plaintiffs by Debtor nondischargeable under 11 U.S.C. § 523(a)(6) based upon a state court jury verdict and an Amended Judgment in Plaintiffs' favor.  Debtor now requests the Court to reconsider its Order on three grounds.  These

consist of two alleged misstatements of the state court jury's findings and comments by the Court at the hearing held on the competing Motions for Summary Judgment.  None of these are meritorious reasons for this Court to reconsider the Memorandum-Opinion and Order.

First, Debtor takes issue with the Court's finding in its Memorandum-Opinion that Plaintiff Dunn paid Debtor $18,000 for the motorcycle.  Debtor contends, "nothing in the jury's findings indicates that they found Dunn's allegations of paying Defendant $18,000 cash, without receipt or evidence of withdrawal, more credible than Defendant's testimony as to the chain of custody of the motorcycle."  On this issue, the Court stated in the Memorandum-Opinion:

> Debtor contends that the conversion claim is not established because there was a dispute at trial as to whether Dunn actually paid Debtor for the motorcycle. However, the jury determined that Debtor had a duty to effect transfer of the title to the motorcycle to Dunn.  Implicit in this finding is that Dunn paid Debtor for the motorcycle.

The Court can only conclude from the jury's findings that Debtor had a duty to effect transfer of the title to the motorcycle to Dunn because Dunn, not Debtor, was the owner of the motorcycle.  This was the finding upon which the Judgment and the Amended Judgment which resulted in the monetary award to Dunn for the value of the motorcycle, was based.  This was litigated and finally decided by the state court and the Amended Judgment was not appealed and is final.  The verdict established Debtor's liability for the debt.  The nondischargeability of that debt is the purpose for which Plaintiffs' filed the adversary proceeding.  It is not meant to allow Debtor another opportunity to litigate the fact that the debt is established, as well as Debtor's liability for the debt.

The adversary proceeding is only meant to establish whether the debt is nondischargeable under 11 U.S.C. § 523(a)(2) and (6).  The Court entered summary judgment on Dunn's § 523(a)(6) claim because the findings by the state court, which included Debtor's violation of a restraining

order and all elements for conversion, make the debt nondischargeable under 11 U.S.C. § 523(a)(6). The Court's Conclusions of Law are set forth in the Memorandum-Opinion and need not be reconsidered.

Debtor also states the Court erred in its Memorandum-Opinion when it stated that the jury in the state court action declined to award Plaintiff Dunn punitive damages under Instruction No. 3. Debtor is correct. Under Instruction No. 3, the jury declined to award Debtor (not Dunn) punitive damages against Dunn in connection with the $26 damages it awarded to Debtor on his counterclaim against Dunn. However, the misstatement on this fact is immaterial to the findings by the Court in the Memorandum-Opinion and Order. It has no bearing on whether the debt found by the jury and the state court in the Amended Judgment owed by Debtor to the Plaintiffs is nondischargeable. Therefore, the Court sees no need to reconsider the Memorandum-Opinion on this issue.

Debtor contends that his case is different than the cases cited by the Court on its discussion of res judicata and collateral estoppel because these cases involved default judgments or stipulated judgments. Debtor believes that he is entitled to re-litigate his liability on the underlying debt at issue or that the Plaintiffs are prohibited from raising their claims in the nondischargeability proceeding. Debtor is incorrect. The debt, as well as Debtor's liability thereon was established by the Amended Judgment, a final judgment that was not appealed. Debtor is not entitled to re-litigate the facts which established his liability for the debt. The nondischargeability proceeding, is in effect, the Plaintiffs' answer to the Debtor's attempt to discharge the debt through his Chapter 7 bankruptcy. Debtor is not entitled now to re-litigate the facts which established his liability for the debt. The adversary proceeding deals only with whether that debt is nondischargeable under the Bankruptcy Code. *See In re McKendry*, 40 F.3d 331 (10th Cir. 1994). To allow Debtor to re-litigate

the factual issue of whether he or Dunn owned the motorcycle and whether he had a duty to effect transfer of the title to Dunn, would have this Court acting as an appellate court.  That is not this Court's function.  Nothing found by the state court prohibits the Plaintiffs' claim in this adversary proceeding.  The Plaintiffs' Motion for Summary Judgment established that they were entitled to summary judgment on their nondischargeability claim as a matter of law.

Finally, Debtor takes issue with the Memorandum-Opinion and Order based on the Court's comments from the bench during oral arguments on the parties' Motions for Summary Judgment. Following oral argument, the Court took the matter under submission.  None of the Court's comments at the hearing constitute findings of fact and conclusions of law on the matter.  The Court did not issue a ruling from the bench, but instead based on the voluminous record before it, decided to extensively review the matter, conduct its own research and issue a written ruling.  Nothing stated at the hearing constitutes grounds for the Court to now reconsider its Memorandum-Opinion and Order.

## CONCLUSION

For all of the above reasons, the Motion to Reconsider filed by Defendant John B. Campbell, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  June 16, 2014

-4-

# UNITED STATES BANKRUPTCY COURT
## FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                      )
                                            )
    JOHN B. CAMPBELL                      )
                                            )     CASE NO.  12-35021(1)(7)
                      Debtor(s)    )
_____ )
                                            )
    GARRETT R. DUNN                      )     AP No. 13-3007
    THOMAS V. HAILE                      )
                                            )
                     Plaintiff(s)   )
                                            )
v.                                          )
                                            )
    JOHN B. CAMPBELL                      )
                                            )
               Defendant(s)  )
_____ )

## ORDER

       Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

       **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Reconsider the Court's Memorandum-Opinion and Order entered April 15, 2014, be and hereby is, **DENIED.**

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  June 16, 2014